902 F.2d 33
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herbert GILES-EL, Plaintiff-Appellant,
v.
M. LARABELL; M. Reeves; Jerry Kamerschen; Earl James,
Defendants-Appellees.
 No. 89-2072.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1990.
 
 1
 Before KENNEDY and WELLFORD, Circuit Judges, and CHARLES W. JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Herbert Giles-El, a pro se Michigan prisoner, appeals the district court's summary dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On November 2, 1988, Giles-El was issued a minor misconduct ticket for being out of place at the 9:00 p.m. head count. On November 4, 1988, a corrections officer reviewed the misconduct ticket with the plaintiff, and on November 8, 1988, a misconduct hearing was held where Giles-El was found guilty of the charge and sentenced to three days loss of privileges. Seeking monetary and declaratory relief, Giles-El sued the defendant corrections officials in their individual capacities alleging that they violated his due process rights because they failed to review the misconduct ticket with him within twenty-four hours after issuance as required by Michigan Department of Corrections policy directive PD-DWA-60.01. The district court summarily dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d), finding that the policy directive was applicable only to major misconduct tickets, and that procedural rules created by a state administrative body did not create a protected liberty interest.
 
 
 4
 On appeal, Giles-El reasserts his claim, requests the appointment of counsel, and has filed an informal brief. Giles-El additionally argues that the defendants also violated the policy directive requiring that the hearing not be held before an employee who had any direct involvement in the situation. Defendants have notified the court that they will not be filing a brief.
 
 
 5
 Upon review, we deny the request for counsel, and affirm the district court's judgment. The twenty-four hour review requirement of policy directive PD-DWA-60.01 applies only to major misconduct tickets, and not minor misconduct tickets. Moreover, the complaint lacks an arguable basis in law, see Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989), because Giles-El has suffered no constitutional deprivation. He received at least twenty-four hours advance written notice, was allowed to present his side of the story at the hearing, and he received a written statement of the reasons for the disciplinary action taken. The procedures utilized were more than sufficient to satisfy constitutional mandates. See Hewitt v. Helms, 459 U.S. 460, 472 (1983).
 
 
 6
 Finally, plaintiff's claim on appeal, that the hearing was held before persons involved in the situation, was not first presented in the district court. Consequently, we do not address the issue on appeal as it does not present exceptional circumstances. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 7
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation